1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**

9              **DISTRICT OF NEVADA**

10

JODI J. JONES,                          )        Case No. 2:15-cv-01930-APG-NJK
11                                          )
               Plaintiff(s),            )        ORDER
12                                          )
vs.                                         )
13                                          )        (Docket No. 32)
BANK OF THE WEST, et al.,               )
14                                          )
               Defendant(s).            )
15  _____)

16          Pending before the Court is a Stipulated Protective Order (Docket No. 32), which the Court

17  approved to facilitate discovery in this case.  This order reminds counsel that there is a presumption of

18  public access to judicial files and records.  A party seeking to file a confidential document under seal

19  must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and*

20  *County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

21          The Court has adopted electronic filing procedures, and with a few exceptions not applicable

22  here, the Clerk of the Court no longer maintains paper records. Special Order 109 requires the Clerk of

23  the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic

24  form. The electronic record constitutes the official record of the court. Attorneys must file documents

25  under seal using the Court's electronic filing procedures. *See* Local Rule 10-5(b). That rule provides:

26          Unless otherwise permitted by statute, rule or prior Court order, papers filed
            with the Court under seal shall be accompanied by a motion for leave to file
27          those documents under seal, and shall be filed in accordance with the Court's
            electronic filing procedures. If papers are filed under seal pursuant to prior
28          Court order, the papers shall bear the following notation on the first page,

1         directly under the case number: "FILED UNDER SEAL PURSUANT TO
2         COURT ORDER DATED _____." All papers filed under seal will
       remain sealed until such time as the Court may deny the motion to seal or
3         enter an order to unseal them, or the documents are unsealed pursuant to
       Local Rule.

4  *Id.* Documents filed under seal are not accessible to the public.

5       The Court has approved the blanket protective order to facilitate discovery exchanges. But **there**

6  **has been no showing, and the Court has not found, that any specific documents are secret or**

7  **confidential**.  The parties have not provided specific facts supported by declarations or concrete

8  examples to establish that a protective order is required to protect any specific trade secret or other

9  confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and

10  significant harm.  The Ninth Circuit has held that there is a presumption of public access to judicial files

11  and records, and that parties seeking to maintain the confidentiality of documents attached to

12  nondispositive motions must show good cause exists to overcome the presumption of public access. *See*

13  *Kamakana* 447 F.3d at 1179.  Parties seeking to maintain the secrecy of documents attached to

14  dispositive motions must show compelling reasons sufficient to overcome the presumption of public

15  access. *Id.* at 1180.[1]  **All motions to seal must address the applicable standard and explain why that**

16  **standard has been met**.  The fact that a court has entered a blanket stipulated protective order and that

17  a party has designated a document as confidential pursuant to that protective order does not, standing

18  alone, establish sufficient grounds to seal a filed document.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*,

19  331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476

20  (9th Cir. 1992).

21       If the sole ground for a motion to seal is that the opposing party (or non-party) has designated

22  a document as subject to protection pursuant to the stipulated protective order, the movant must notify

23  the opposing party (or non-party) at least seven days prior to filing the designated document.  The

24  designating party must then make a good faith determination if the relevant standard for sealing is met.

25  

26       [1] The Ninth Circuit has clarified that the terms "dispositive" and "nondispositive" are not intended
27  to be mechanical classifications. *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098
(9th Cir. 2016).  Instead, determining the applicable standard is premised on "whether the motion at issue
28  is more than tangentially related to the underlying cause of action." *Id.* at 1099.

1  To the extent the designating party does not believe the relevant standard for sealing can be met, it shall

2  indicate that the document may be filed publicly no later than four days after receiving notice of the

3  intended filing.  To the extent the designating party believes the relevant standard for sealing can be met,

4  it shall provide a declaration supporting that assertion no later than four days after receiving notice of

5  the intended filing.  The filing party shall then attach that declaration to its motion to seal the designated

6  material.  If the designating party fails to provide such a declaration in support of the motion to seal, the

7  filing party shall file a motion to seal so indicating and the Court may order the document filed in the

8  public record.[2]

9          **IT IS ORDERED** that counsel shall comply with the requirements of Local Rule 10-5(b), the

10  Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, and the procedures outlined above, with respect

11  to any documents filed under seal.  To the extent any aspect of the stipulated protective order may

12  conflict with this order or Local Rule 10-5(b), that aspect of the stipulated protective order is hereby

13  superseded with this order.

14          DATED: March 31, 2016

15

16                                        _____

                                           NANCY J. KOPPE
17                                         United States Magistrate Judge

18

19

20

21

22

23

24

25          _____

26          [2]  In the event of an emergency motion, the above procedures shall not apply.  Instead, the movant

27  shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal
    within three days of its filing.  If the designating party fails to timely file such a declaration, the Court may
28  order the document filed in the public record.